James M. **FLANNERY**, Appellant,

v.

**BRECKENRIDGE MATERIAL COMPANY,**

and

**Missouri Employers Mutual Insurance Company, Respondents,**

and

**State Treasurer, As Custodian of the Second Injury Fund, Additional Party/Respondent.**

No. ED 88498.

Missouri Court of Appeals, Eastern District, Division One.

April 3, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 2007.

Application for Transfer Denied June 26, 2007.

Ray A. Gerritzen, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Da-Niel Cunningham, Jefferson City, MO, for respondent.

Mary Anne Lindsey, St. Louis, MO, for Breckenridge Material Co.

Before CLIFFORD H. AHRENS, P.J., MARY K. HOFF, J., and NANNETTE A. BAKER, J.

### ORDER

PER CURIAM.

James Flannery ("Employee") appeals from the judgment of the Labor and Industrial Relations Commission ("Commission") affirming the decision of the Administrative Law Judge ("ALJ") awarding Employee permanent partial disability and awarding Employer and the Second Injury Fund ("the Fund") subrogation reimbursement.

On appeal, Employee claims five points of error. In his first point, Employee claims that the Commission erred in adopting the ALJ's award because the ALJ "[b]ecame an advocate for the Employer/insurer and championed Dr. Wayne Stillings to the exclusion of all the other evidence ... The ALJ went outside the evidence ... and expressed a unique personal knowledge about psychiatrists having back door entrances ..." In his second point, Employee argues that the Commission "cumulatively" erred in that there was no sufficient and competent evidence in the record to support the award of permanent partial disability, but the evidence instead supported an award of permanent total disability. He also claims that the ALJ violated Section 287.800 by failing to view all evidence in the light most favorable to Employee. In his third point, Employee claims that the ALJ erred by excluding certain evidence. In his fourth point, Employee argues that the Commission erred by limiting future medical care. In his fifth point, Employee argues that the Commission erred in awarding subrogation to the Fund. In his sixth and final point, Employee contends that the Commission erred in "awarding the Employer/insurer ... $95,148.77 in subrogation which had already been paid."

No jurisprudential purpose would be served by a written opinion reciting the detailed facts and restating the principles of law. The parties have been furnished with a memorandum opinion for their information only, which sets forth the facts and reasons for this order.

We affirm the judgment pursuant to Rule 84.16(b).